UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE LAKES DESIGN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GINA SAVALA,<br><br>　　　　Defendant. | No. 2:17-cv-01757 MCE CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　Before the court is plaintiff's ("Three Lakes'") motion for default judgment against pro se defendant Savala. (ECF No. 23.) Defendant failed to file an opposition to the motion for default judgment in accordance with Local Rule 230(c). Accordingly, the hearing on the motion set for November 5, 2018 was vacated, and defendant was given additional time to respond to the motion. (ECF No. 28.) On November 30, 2018, defendant was given another extension of time and advised that failure to timely respond would result in a recommendation that default be entered against it. (ECF No. 29.) Defendant was served with this order on February 4, 2019. (ECF No. 30.) To date, defendant has not responded.

　　The undersigned has fully considered the briefs and record in this case and, good cause appearing, THE COURT FINDS AS FOLLOWS:

////

I. BACKGROUND

Plaintiff commenced this action in August 2017, alleging violation of 17 U.S.C. § 101, et seq. (copyright infringement), violation of 15 U.S.C. § 1125(a) (unfair competition), violation of 15 U.S.C. § 1125(a)(1)(B) (false advertising) and unfair competition under California state law. (ECF No. 1.) In September 2017, defendant filed an answer to the complaint. (ECF No. 7.) Between January and March 2018, plaintiff served discovery requests on defendant, but defendant never responded. (ECF No. 25 ("Brunt Decl."), ¶¶ 4-5.) In June 2018, the court granted plaintiff's unopposed motion to amend and directed defendant to file a response to the amended complaint within thirty days. (ECF No. 18.) Defendant failed to respond to the amended complaint filed June 11, 2018. (ECF No. 19 ("FAC").)

On August 7, 2018, the Clerk of Court entered default as to defendant. (ECF No. 22.) Plaintiff filed the instant motion for default judgment on October 17, 2018. (ECF No. 23.) Defendant did not respond to two extensions of time and never opposed the default motion. (ECF Nos. 28 & 29.) Defendant's last action in this case was filing an answer to the original complaint in September 2017. (ECF No. 7.)

The FAC alleges as follows: Plaintiff Three Lakes Design is a Utah company with its principal place of business in Herriman, Utah. (FAC, ¶ 2.) Plaintiff creates, makes, and sells jewelry online. (Id., ¶ 9.) A significant portion of plaintiff's profits comes from the online marketing of its unique jewelry pieces through the use of its original photographs that showcase its designs. (Id., ¶ 10.) The photographs are meticulously chosen, planned, and executed, ensuring proper lighting, subjects, and framing. (Id., ¶ 11.) Posted online, these images serve as unique digital business cards that link to Three Lakes' online store. (Id., ¶ 10.) To protects its original photographic images, plaintiff applied for and obtained federal copyright registrations for 23 photographs (collectively "Three Lakes' Photographs").[1] (Id., ¶¶ 21, 24, 25; see FAC at 6-28.)

Defendant Savala is an individual residing in Sacramento, California and doing business

---

[1] Per plaintiff's request (Brunt Decl. at ¶ 10), the court takes judicial notice of plaintiff's copyright registrations referenced in the FAC and attached as Exhibit B to the Brunt Declaration. (ECF No. 25-2.)

as Candy Couture Shop, with places of business in two locations in Sacramento. (FAC, ¶ 3.) Defendant markets and sells jewelry through online media, with more than 100,000 followers across her various social media platforms, including celebrities such as the Kardashians, Snooki, and Kaily Lowry. (Id., ¶ 16.)

Beginning on April 16, 2017, plaintiff discovered defendant had used exact replicas of Three Lakes' Photographs in her online marketing campaign and posted those photographs more than 51 times online. (Id., ¶¶ 12, 20; see also Matelski Decl., ECF No. 24.) Many of the stolen images depict plaintiff's owners' body parts modeling plaintiff's jewelry. (Id., ¶ 13; Matelski Decl. at ¶ 3.) When plaintiff's lawyer demanded that defendant cease using the Three Lakes' Photographs, defendant blocked plaintiff from viewing her Instagram account, where much of her marketing took place using plaintiff's photographs. (Brunt Decl., ¶ 3; Matelski Decl., ¶ 5.) Despite plaintiff's demand that defendant remove all depictions of Three Lakes' Photographs from her websites, social media accounts, and other online sources, defendant largely ignored plaintiff, forcing plaintiff to file the instant action on August 22, 2017. (Brunt Decl., ¶ 3; Matelski Decl., ¶¶ 5-6.)

Defendant has never been authorized or licensed by plaintiff to copy, use, distribute, and/or sell products using Three Lakes' Photographs on her website, in her advertising materials, and throughout her social media accounts. (FAC, ¶¶ 13, 26; see also Matelski Decl., ¶ 7.) The FAC seeks statutory damages and injunctive relief, among other relief. (Id. at 35-36.)

LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

II. DISCUSSION

    A. Appropriateness of the Entry of Default Judgment Under the Eitel Factors

        1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendant. Accordingly, the first Eitel factor favors the entry of a default judgment.

### 2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Here, as outlined above, plaintiff has adequately alleged that it owns the copyrights with respect to Three Lakes' Photographs, and that defendant copied and used these images on her social media platforms and/or websites without permission. As such, the complaint sufficiently states a claim for copyright infringement and has merit.

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

In this case, plaintiff seeks statutory damages in the amount of $292,100 pursuant to 17 U.S.C. § 504(c). (ECF No. 23 at 13.) This request is based on defendant's unauthorized use of 23 federally copyrighted photos that have been posted over 51 times on defendant's social media. (FAC, ¶ 20.) The total sum amounts to $12,700 in damages per copyrighted image used by defendant. (ECF No. 23 at 18.)

Willful infringement permits the court to exercise discretion in awarding statutory damages of a sum not less than $750 and not more than $150,000 per work. 17 U.S.C. § 504(c)(1)-(2). Here, defendant's conduct was willful both because of plaintiff's allegations and

because of the court's inference due to defendant's default. See <u>Stephen Wurth Photography, Inc. v. Wetpaint.com Inc.</u>, 2018 WL 5266861, *4 (C.D. Cal. 2018). Based on the FAC, defendant blatantly and continuously copied nearly two dozen Three Lakes' Photographs for her own financial gain without seeking authorization from plaintiff. When plaintiff's lawyer contacted her, defendant effectively refused to take down the photos, instead blocking plaintiff's ability to view the photos on her social media account. The FAC recounts a statement, apparently made by defendant, that using unauthorized photographs had created "a huge mess" for her in the past, indicating that defendant knew the risks of using others' works without permission but continued to do it anyway. FAC, ¶ 18. Thus the statutory range of $750 to $150,000 per willfully infringed work is applicable in this case. While the total amount plaintiff seeks is arguably excessive, the court has discretion when awarding statutory damages and may grant a lesser award that will weigh in favor of granting default judgment.

### 4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

The facts of this case are relatively straightforward, and the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., <u>Elektra Entm't Group Inc. v. Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord <u>Philip Morris USA, Inc.</u>, 219 F.R.D. at 500; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth <u>Eitel</u> factor favors a default judgment.

### 5. *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Despite having been properly served with the FAC, the request for entry of default, and the instant motion for default judgment, defendant failed to participate in this action after filing an answer to the original complaint in 2017. Defendant remained unresponsive after the entry of default against her, and after plaintiff filed the instant motion. Thus, the record suggests that defendant has not chosen not to defend herself in this action, and that the default did

not result from excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

          6.     *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

    B.    Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Plaintiff's motion for default judgment requests an award of statutory damages and injunctive relief, which were also requested in the complaint.[2] Each form of relief is addressed separately below.

    1. Statutory Damages

In a claim for copyright infringement, a plaintiff may elect to seek either actual or statutory damages. 17 U.S.C. § 504. The statute provides for statutory damages for all infringements of a given work of not less than $750.00 and not more than $30,000, as the court

---

[2] Although the FAC also sought an award of attorneys' fees and costs, such relief is not requested in the motion for default judgment; thus the court does not evaluate whether such relief should be award. Moreover, in its proposed order submitted in conjunction with the motion for default judgment, plaintiff indicates that it "has elected to forego its claims for unfair competition [and] false advertising" as set forth in the FAC.

7

considers just. 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

In determining the amount of statutory damages, courts are guided by "the nature of the copyright, the circumstances of the infringement and the like, ... but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum]." Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) (citing F.W. Woolworth Co. V. Contemporary Arts, Inc., 344 U.S. 228, 232 (1952)). Courts in this district have previously looked to seven factors in evaluating whether a proposed award of statutory damages is just: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." See, e.g. Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008).

Plaintiff's request for $12,700 damages per copyrighted photograph used without authorization is arguably within the range awarded by California district courts in similar circumstances. See Stross v. Redrhino Group, Inc., 2019 WL 1581393, *3 (C.D. Cal. 2019) (awarding statutory damages of $30,000 under 17 U.S.C. § 504(c) for defendant's unauthorized use of one copyrighted photograph "in multiple posts on his website" in a "blatant case of copyright infringement"); Korzeniewski v. Gopackup, Inc., 2019 WL 316811, *2 (C.D. Cal. 2019) (awarding statutory damages of $15,000 for defendant's unauthorized use of one copyrighted photograph on its website and social media accounts); Stephen Wurth Photography, Inc. v. Wetpaint.com Inc., 2018 WL 5266861, *6 (C.D. Cal. 2018) (awarding statutory damages of $50,000, or 10,000 per infringed work, based on defendant's unauthorized use of five copyrighted photographs to drive "significant attention and traffic to [its] website," giving it a "substantial ill-gotten commercial advantage"); Kilina America, Inc. v. R. & R Goldman Assoc.,

Inc., 2018 WL 6984818, *4 (C.D. Cal. 2018) (awarding $30,000 statutory damages where "[d[efendant has infringed on plaintiff's copyright and refuses to litigate its infringement such that it would be possible to calculate actual damages. Defendant has unlawfully sold clothing bearing Plaintiff's design without obtaining a license of permission to use the design.").

Here, due to the relative simplicity of Three Lakes' Photographs, which functioned as a set of images showcasing plaintiff's original jewelry rather than works of independent value and artistic merit, the court finds an award of $12,700 per infringed work to be excessive. It is unclear what monetary value the images have on their own, or what amount they could be licensed for. While the FAC suggests that April 2017 should have been a high-profit month for plaintiff but was not, it does not directly link any lost profits to defendant's infringement. (FAC, ¶ 12.) The FAC alleges that, after discovering defendant's widespread unauthorized use of its photos, plaintiff "has essentially stopped publishing new photos of its designs, for fear that Defendant will misappropriate those as well." (Id., ¶ 15.) While the FAC does not estimate a specific monetary loss to plaintiff due to defendant's actions, this point is well-taken. Certainly, given defendant's "blatant infringement" of the copyrighted images for commercial advantage, and the large number of works infringed, the award should be substantial so as to have a deterrent effect. The court also recognizes that defendant's failure to participate in this lawsuit has deprived plaintiff of discovery with respect to defendant's use of Three Lakes' Photographs and potential profits reaped from such use.

Having considered the Microsoft factors, the undersigned finds a statutory award of $5,000 per infringed work, or $115,000, to be appropriate. That amount is sufficient to fairly compensate plaintiff, as well as to deter defendant and others from similar conduct, without being unduly punitive.[3]

2. Injunctive Relief

Plaintiff further requests that defendant be permanently enjoined from further unauthorized infringement of Three Lakes' Photographs pursuant to 17 U.S.C. § 502.

---

[3] The FAC also seeks post-judgment interest pursuant to 28 U.S.C. § 1961(a). This is addressed in the recommendation below.

9

The court may grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, a plaintiff "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Here, plaintiff has shown that it suffered an irreparable injury for which remedies available at law are inadequate. Given defendant's evasive past behavior and near-refusal to participate in this litigation, it appears likely that her infringement of Three Lakes' Photographs would continue absent an injunction. Furthermore, considering the balance of hardships between plaintiff and defendant, a permanent injunction is warranted, because defendant would suffer no cognizable hardship from merely being prevented from engaging in unlawful activity, whereas plaintiff's copyrights would be further infringed if defendant's conduct is not enjoined. Finally, the public interest would undoubtedly be served by the enforcement of federal copyright law.

Therefore, the court awards plaintiff's requested injunctive relief.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 23) be GRANTED IN PART, in the terms outlined in this order.
2. Judgment be entered in plaintiff's favor and against defendant.
3. Plaintiff be awarded statutory damages in the amount of $115,000, with any postjudgment interest accruing after the entry of judgment in accordance with federal law.
4. Defendant be permanently enjoined from further unauthorized infringement of the 23 copyrighted images at issue (Three Lakes' Photographs);
5. The Clerk of Court be directed to vacate all dates and close this case.

/////

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve copies of this order and findings and recommendations on defendant by U.S. mail at her last-known addresses.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 3, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/threelakes1727.default_fr