# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE LAKES DESIGN,<br><br>      Plaintiff-Judgment Creditor,<br><br>  v.<br><br>GINA SAVALA,<br><br>      Defendant-Judgment Debtor. | No. 2:17–cv–01757–MCE–CKD (PS)<br><br>ORDER<br><br>(ECF No. 58) |

Before the court is a renewed motion by plaintiff-judgment creditor Three Lakes Design for an earnings withholding order against the spouse of defendant-judgment debtor Gina Savala.[1] (ECF No. 58.) The motion is brought as part of Three Lakes' ongoing effort to collect the judgment entered against Ms. Savala in this copyright infringement case. A hearing on the motion was held remotely on September 1, 2021, at which plaintiff's counsel Mark Serlin appeared for Three Lakes. (ECF No. 60.) Defendant Savala did not appear, despite several efforts to notify her of the proceeding. (Id.; ECF No. 59; Docket text entries dated 8/20/2021 and 8/25/2021.) For the following reasons, the court GRANTS the motion.

---

[1] Because defendant is self-represented and the motion is related to collection of judgment, the matter is referred to the undersigned pursuant to Local Rules 302(c)(11) & (21) and 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

In August 2019, the court granted default judgment for Three Lakes, awarding it $115,000 in statutory damages, plus post-judgment interest, for Ms. Savala's infringement of 23 photographs copyrighted to Three Lakes.  (ECF Nos. 31 (findings and recommendations), 35 (order adopting findings and recommendations), 36 (judgment), 47 (amended judgment[2]).)  The court found that Three Lakes[3] adequately alleged that Ms. Savala used its copyrighted images on her social media platforms and websites without permission.  (ECF No. 31 at 5.)  Specifically, the amended complaint alleged that between April and July 2017 Ms. Savala reposted Three Lakes' images for profit for her own business, Candy Couture Shop.  (ECF No. 19 at 3-28.)  Judgement was entered against "Defendant Gina Savala, individually, and her marital community, dba Candy Couture Shop."  (ECF Nos. 46, 47, hereinafter "Copyright Judgment.")

A writ of execution to enforce the judgment was issued on August 30, 2019 (ECF No. 43), and on September 10, 2019, Three Lakes first moved for an earnings withholding order against Ms. Savala's husband, Gilbert Anthony Savala III (ECF No. 44).  For most of the litigation of this case, the court was unable to successfully deliver mail to Ms. Savala's address of record.  However, both Ms. and Mr. Savala appeared in person at the hearing on the earnings withholding motion on October 9, 2019 before the undersigned.  (ECF No. 45.)  At the hearing, Ms. Savala informed the court and opposing counsel that she and her husband were about to file for bankruptcy and stated that they had only learned of the hearing through their bankruptcy attorney.  The undersigned accordingly continued the hearing so that Three Lakes' counsel could confer with the Savalas' bankruptcy counsel.  (Id.)

On November 8, 2019, Three Lakes notified the court that the action was automatically stayed due to the Savalas filing for Chapter 7 bankruptcy on October 17, 2019.  (ECF No. 48, Notice of Stay; In re: Gina Luisa Savala and Gilbert Anthony Savala, III, No. 19-26462 (U.S.

---

[2] After Three Lakes moved for attorneys' fees, the judgment was amended to reflect that Ms. Savala owed $115,000 in statutory damages, post-judgment interest, plus $27,496.00 in attorneys' fees and $561.80 in costs.  (ECF Nos. 46, 47.)

[3] Three Lakes was founded in April 2016 for the purpose of designing and selling jewelry and supporting autism research.  (ECF No. 19 ¶¶ 7, 9.)

2

Bankr. E.D. Cal.).) An independent review of the bankruptcy proceedings indicates that in December 2020, the Savalas received a discharge of their debts; however, in an underlying adversary proceeding in the bankruptcy court the Savalas and Three Lakes stipulated that only $11,000 of the Copyright Judgment would be deemed non-dischargeable. Three Lakes Design v. Savala, No. 19-26462, Adv. Pro. No. 20-2005 (U.S. Bankr. E.D. Cal.), ECF No. 83 at 2. Under the stipulation—which the bankruptcy court approved (ECF No. 58.3 at 3-4)—the Savalas were to repay the $11,000 debt via consecutive monthly payments of $500. (Adv. Pro. No. 20-2005, ECF No. 83 at 2.)

Repayment broke down somewhere along the way because on March 1, 2021, in this court Three Lakes sought and obtained an updated writ of execution reflecting that $10,056.59 remained due on the Copyright Judgment. (ECF No. 52.) Several months later, on July 23, 2021, Three Lakes renewed its motion for an earnings withholding order against Mr. Savala. (ECF No. 58.)

As with the earlier motion, Three Lakes' motion is brought under California Code of Civil Procedure § 706.109 as incorporated in Federal Rule of Civil Procedure 69. The accompanying declaration by Three Lakes' counsel Mark Serlin avers that Ms. Savala has made only "partial payment" on the non-discharged portion of the Copyright Judgment, which remains unsatisfied. (ECF No. 58.3 ¶ 4.) At the hearing, counsel indicated that Three Lakes is seeking to collect $11,000 to $13,000, after factoring in costs and fees incurred in the collection efforts. Counsel further avers in the declaration that Mr. Savala has been married to defendant-judgment debtor Ms. Savala for "over ten years" based on Ms. Savala's admissions in sworn bankruptcy schedules, her testimony in a bankruptcy deposition, and a recent telephone conversation with Mr. Savala. (Id. ¶ 3.)

**DISCUSSION**

  A. **Wage Withholding Law & Procedure**

Under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution, and the procedure on execution and in supplementary proceedings in aid of execution "must accord with the procedure of the state in which the court is located," except to the extent a

federal statute applies. Fed. R. Civ. P. 69(a)(1).

California law provides that a judgment creditor may satisfy a money judgment against the judgment debtor and/or the community property interest of the spouse as well as obligations owed to the other spouse that are community property. Cal. Code Civ. Proc. §§ 695.020(a)-(b), 699.710, 700.140.

California's Wage Garnishment Law "provides the exclusive judicial procedure by which a judgment creditor can execute against the wages of a judgment debtor[.]" Cal. State Emps.'Ass'n v. California, 198 Cal. App. 3d 374, 377 (1988); Cal. Civ. Proc. Code §§ 706.010–706.154. The Wage Garnishment Law sets out detailed steps for requesting a withholding order, notifying the employer and the judgment debtor, and asserting and resolving claims for exemptions.

Where a judgment creditor seeks to withhold the judgment debtor's own wages, a court order is not required to start the process. The judgment creditor simply applies ex parte directly to the "levying officer"—that is, the sheriff or marshal in the county where the judgment debtor's employer is to be served—for an earnings withholding order. Cal. Civ. Proc. Code § 706.102(a); see id. § 701.121 (specifying required contents of application); Judicial Council form WG-001 (Application for Earnings Withholding Order). The levying officer then issues the order, serves it on the employer, and serves notice on the judgment debtor. See Cal. Civ. Proc. Code §§ 706.102(a), 706.122 (contents of notice to employee/judgment debtor), 706.125 (contents of order).

However, "[a]n earnings withholding order may not issue against earnings of the judgment debtor's spouse unless a court order is obtained upon noticed motion." Cal. Code Civ. Proc. § 706.109 (emphasis added). Thus, the order Three Lakes seeks by this motion is an intermediary order that it will then present, along with its application for an earnings withholding order, to the appropriate levying officer who will then issue the withholding order itself. See Choice Hotels Int'l, Inc. v. Penta Denver, LLC, 2015 WL 3830691, at *3 (N.D. Cal. June 19, 2015) ("[T]he Wage Garnishment Law . . . requires a court order before a judgment creditor may apply for the withholding order itself with the appropriate levying officer.").

4

Except for requiring court authorization to seek an earnings withholding order, it appears that the remainder of the Wage Garnishment Law procedures apply with equal force to withholding wages of a judgment debtor's spouse.  Thus, the application for the earnings withholding order and the withholding order itself will account for the automatic statutory withholdings cap that at least 75% of an employee's disposable earnings are exempt from earnings withholding orders.  See Cal. Code Civ. Proc. §§ 706.050 (setting maximums), 706.011 ("Disposable earnings" means the portion of an individual's earnings that remains after deducting all amounts required to be withheld by law."); see also 15 U.S.C. § 1673 (federal restriction on garnishment).  And upon notice of the issuance of the forthcoming earnings withholding order, the spouse may claim a further exemption for "the portion of the . . . earnings that the judgment debtor [or, in this scenario, the spouse] proves is necessary for the support of the [spouse's] family supported in whole or in part by the [spouse.]"  Cal. Code Civ. Proc. § 706.051(b).  To claim this exemption for "necessaries," the judgment debtor/employee spouse must file with the levying officer "an original and one copy of (1) the judgment debtor's claim of exemption and (2) the judgment debtor's financial statement."  Cal. Civ. Proc. Code § 706.105(b).  These procedures will also be explained in the notice the levying officer will provide to the employee.  See id. § 706.122.

The filing of any claim of exemption then triggers a series of deadlines for the judgment creditor to oppose the exemption claim and to request a court hearing, if desired.  Id. §§ 706.105(c)(3), (d), (e).  If the judgment creditor does not timely oppose, the levying officer will inform the employer that the earnings withholding order is either terminated or modified, depending on the degree of exemption claimed.  Id. § 706.105(f).

At the current preliminary stage in the wage garnishment procedure, the court understands its role as ensuring that the alleged spouse is truly the judgment debtor's spouse and that the earnings are community property that can be used to pay the judgment debtor's debt.  See, e.g., Campbell v. Simmonds, 2005 WL 896293, at *1-2 (Cal. Ct. App. Apr. 19, 2005) (affirming trial court's order allowing wage garnishment against judgment debtor's spouse after finding that they were married before tort occurred).

### B. Community Property

Under California law, subject to certain exceptions not relevant to this case, "all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Cal. Fam. Code § 760.  "Community property is subject to enforcement of a money judgment as provided in the Family Code." Cal. Civ. Proc. Code § 695.020(a).

Section 910(a) of the Family Code provides: "Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." Cal. Fam. Code § 910(a).  Section 911(a) provides in relevant part: "The earnings of a married person during marriage are not liable for a debt incurred by the person's spouse before marriage." Cal. Fam. Code § 911(a).  And Section 903(b) provides that a debt is "incurred" in the case of a tort "at the time the tort occurs." Cal. Fam. Code § 903(b).

"Under the above statutes, whether [Mr. Savala's] wages could be subject to garnishment for [Ms. Savala]'s debt depend[s] on whether [s]he incurred the debt before their marriage." Campbell, 2005 WL 896293, at *2.  Ms. Savala's infringing acts occurred between April and July 2017, and according to plaintiff's counsel's declaration, the Savalas have been married since at least 2011.  Given Ms. Savala's failure to appear or otherwise respond to this motion, the court declines to require further substantiation of the duration of the Savalas' marriage.  Thus, the court finds that Ms. Savala's debt was incurred while married to Mr. Savala.  See Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 671 (2014) ("Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete claim that accrues at the time the wrong occurs." (alterations omitted)).  And Mr. Savala's wages, as community property, can be garnished in satisfaction of that judgment.

////

////

////

Accordingly, IT IS ORDERED THAT:

1. Plaintiff's motion for an earnings withholding order against the spouse of the judgment debtor (ECF No. 58) is GRANTED; and

2. Pursuant to Federal Rule of Civil Procedure 69 and California Code of Civil Procedure §§ 695.020 and 706.109, an earnings withholding order shall be issued against the earnings of Gilbert Anthony Savala III, the spouse of judgment debtor Gina Savala.

Dated:  September 1, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.1757.three lakes

7